[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF THE PLAINTIFF DAVID M. CHIN'SOBJECTION TO REQUESTS TO AND OCTOBER 10, 1995 "REQUESTFOR LEAVE TO FILE AMENDED ANSWER, SPECIAL DEFENSES ANDCOUNTERCLAIMS TO PLAINTIFF CHIN'S EIGHTH AMENDED COMPLAINT
On October 10, 1995, the defendant Carlin, Pozzi, Chin, Architects P.C. ("Carlin-Pozzi) filed its request for its "Amended Answer; Special Defense and Counterclaims of Carlin, Pozzi, Chin, Architects P.C. to the plaintiff Chin's Eighth Amended Complaint. ("hereafter "Carlin-Pozzi Amended Answer." On November 9, 1995, the plaintiff Chin filed its "objection To Request To Amend" (hereafter Chin's objection") to Carlin-Pozzi's Amended Answer.
Initially, we note that on June 6, 1995, the co-defendant in this case, Paul E. Pozzi (hereafter "Pozzi") filed his "Request for leave to Amend Answer, Defenses Counterclaims to Plaintiff's "Eighth Amended complaint." Thereafter "Pozzi's Request). Thereafter, on June 22, 1995. Chin filed his ":Objections to Requests to Amend" (hereafter "Chin's June 22, 1995 Objection") CT Page 14308 directed to Pozzi's request. Counsel filed written memoranda on their claims. This court held a hearing on Chin's June 22, 1995 objection. Thereafter, it issued its memorandum of decision met on July 25, 1995, in which it overruled Chin's June 22, 1995 objection and it granted Pozzi's request to amend of June 6, 1995. In its July 25, 1995 memorandum this court briefly reviewed the history of this complex case, discussed Pozzi' s request and set out the applicable law.
Coming to the matters to be decided here, this court held a hearing on Chin's objection of November 9, 1995 to Carlin-Pozzi's amended answer of October 10, 1995 which we note is 59 pages long. At that hearing Chin's counsel stated that his objections as filed while it did not track word for word his earlier objection of June 22, 1995, to Pozzi's request to amend of June 6, 1995, yet it was "substantially identical." Having examined both objections the court accepts that characterization of "substantially identical"; they are. At that time Carlin-Pozzi's counsel stated that its response to Chin's objection was that it had filed "an amended pleading that is identical" and that while the wording of various amendments is in . . . I mean the order of various amendments is different only to follow our logic of our original pleading, but they are the same amendments they have already been allowed by this court". This latter statement is understood to refer to this Court's action on Chin's June 22, 1995 objection to Pozzi's request to amend of June 6, 1995. Chin's counsel forthrightly indicated at this hearing that his objection was filed "to protect the record" and that he had "every expectation that your Honor's ruling will be consistent and it should be . . . ."
This court has examined the pleadings involved and considered the applicable law and the circumstances of this case in its determination of Chin's objections to the proposed amendment. It has decided that Chin's objection is to be overruled and, int [in] its view, no injustice is done in doing so.
It is thereby ORDERED that Chin's objection of November 9, 1995 to Carlin-Pozzi's request to amend is overruled and it is also ORDERED that Carlin Pozzi's request to amend of October 10, 1995 is hereby granted.
Arthur H. Healey State Trial Referee CT Page 14309